UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

WALTER WYATT and DIANA WYATT,

        Plaintiffs,

   v.

LIFE INSTRUMENT CORPORATION,

        Defendant,

_____/

CIV. NO. S-10-2607 FCD/CMK

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Life Instrument Corporation's ("defendant") motion for sanctions against plaintiffs' counsel under 28 U.S.C. § 1927 and the court's inherent authority.  For the reasons set forth below,[1] defendant's motion is DENIED.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

**BACKGROUND**

Plaintiffs originally filed this products liability action in Sacramento County Superior Court on August 5, 2010. On September 24, 2010, defendant removed the action to this court based on diversity jurisdiction. Shortly after the filing of the complaint, defendant's counsel contacted plaintiffs' counsel, informing him that based on defendant's sales records, defendant did not supply any of the surgical instruments identified in the complaint to UC Davis Medical Center, where plaintiff Walter Wyatt's ("Walter") surgery was performed. Plaintiffs allege that a surgical instrument manufactured, distributed or sold by defendant broke during Walter's surgery and lodged itself into Walter's spine. Defendant's counsel asked that plaintiffs' counsel forward Walter's medical records to defendant and defendant offered to send its sales records to plaintiffs. Plaintiffs' counsel never forwarded Walter's medical records, and he likewise did not meet and confer with defendant regarding Rule 26 disclosures.

Defendant subsequently subpoenaed Walter's medical records from UC Davis Medical Center. It contends that those records, coupled with defendant's sales records, conclusively establish that the surgical instrument, which allegedly broke and caused Walter's injuries, was not manufactured or distributed by defendant. Defendant's counsel attempted to contact plaintiffs' counsel via telephone and email to discuss the records and the resolution of the case, but plaintiffs' counsel never responded.

Accordingly, defendant filed a motion for summary judgment on March 2, 2011. Plaintiffs did not respond to the motion, and

the court issued an order to show cause ("OSC"), continuing the hearing to April 29, 2011.  Again, however, plaintiffs did not respond to the motion or the court's OSC.  The court issued an order sanctioning plaintiffs' counsel $150.00 for his failure to respond, and it issued a further order to show why plaintiffs case should not be dismissed for a failure to prosecute.  (Docket #21.)  Plaintiffs did not respond.  Therefore, on May 3, 2011, the court sanctioned plaintiffs' counsel an additional $300.00 for his repeated failure to respond to court orders and it dismissed plaintiffs' case.  (Docket #25.)

Defendant now moves for an award of attorneys' fees, in the amount of $4,986.50 (representing the fees incurred in bringing the motion for summary judgment and the instant motion), as sanctions for plaintiffs' counsel pursuit of this action.  Plaintiffs again did not respond to the motion.

**STANDARD**

Section 1927 allows the court to award fees against "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  This section is not specific to any statute, but applies to any civil suit in federal court.  Hyde v. Midland Credit Mgmt., Inc., 567 F.3d 1137, 1141 (9th Cir. 2009).  Further, the statute "explicitly provides for remedies against offending attorneys."  Id.; F.T.C. v. Alaska Land Leasing, Inc., 799 F.2d 507, 510 (9th Cir. 1986) (noting that § 1927 does not authorize recovery from a party, but "only from an attorney or otherwise admitted representative of a party") (internal quotations and citations omitted).  "The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's

3

inherent power, but it may not be sanctioned pursuant to § 1927." In re Keegan Mgmt. Co., Sec. Lit., 78 F.3d 431, 436 (9th Cir. 1996).

Attorneys' fees under § 1927 are appropriate if an attorney's conduct is in bad faith; recklessness satisfies this standard. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1107 (9th Cir. 2002); Barber, 146 F.3d at 711 ("An award of sanctions under 28 U.S.C. § 1927 or the district court's inherent authority requires a finding of recklessness or bad faith."). The Ninth Circuit has also required a finding of subjective bad faith, "which is present when an attorney knowingly or recklessly raises a *frivolous* argument, or argues a meritorious claim for the purpose of harassing an opponent." B.K.B., 276 F.3d at 1107 (emphasis in original) (quoting In re Keegan, 78 F.3d at 436). Moreover, the Ninth Circuit has cautioned that "[s]anctions should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'" Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997) (quoting Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988)).

The court also has the inherent power to issue sanctions in order "to protect the due and orderly administration of justice and maintain the authority and dignity of the court." Id. at 648 (internal quotations and citation omitted). These sanctions may be issued when the party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons" and may take the form of

4

attorneys' fees.  Id.  Before awarding such sanctions, however, "the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'"  Id. (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980)).  A finding of bad faith is supported by the same standard required under § 1927.  See id.

**ANALYSIS**

As an initial matter, defendant is precluded from seeking sanctions under § 1927 because the conduct that is the subject of the instant motion is plaintiffs' filing of the complaint in this case.  The Ninth Circuit has made it clear that "[t]he filing of a complaint . . . may not be sanctioned pursuant to § 1927" because § 1927 only addresses the multiplication of proceedings. In re Keegan Mgmt. Co., Sec. Lit., 78 F.3d 431, 436 (9th Cir. 1996) ("Because the section authorizes sanctions only for the 'multipli[cation of] proceedings,' it applies only to unnecessary filings and tactics once a lawsuit has begun." (alteration in original)); Matter of Yagman, 796 F.2d 1165, 1187 (9th Cir. 1986) ("Section 1927 does not apply to initial pleadings, since it addresses only the multiplication of proceedings. It is only possible to multiply or prolong proceedings after the complaint is filed."), *amended by*, 803 F.2d 1085 (9th Cir. 1986). Defendant points to plaintiffs' counsel's repeated failures to respond to its counsel's inquiries and this court's orders as evidence of plaintiffs' counsel's alleged *multiplication* of the proceedings.  However, plaintiffs' counsel's inaction did not multiply the proceedings.  Indeed, his conduct swiftly resulted in the dismissal of this case.  At bottom, defendant's motion

rests on the allegation that plaintiffs' complaint was frivolous--filed by plaintiffs' counsel without legal justification. While that conduct may be sanctionable under Rule 11, the Ninth Circuit has made clear that it is not sanctionable pursuant to § 1927. Plaintiffs' complaint cannot be the basis of § 1927 sanctions because it has not "multiplie[d] the proceedings." 28 U.S.C. § 1927.

Additionally, defendant's motion for sanctions pursuant to both § 1927 and the court's inherent power must be denied because defendant has not shown the requisite bad faith on the part of plaintiffs' counsel by showing that counsel knowingly or recklessly raised a frivolous argument. See B.K.B., 276 F.3d at 1107; Piper, 447 U.S. at 767. While defendant offered evidence in support of its motion for summary judgment to establish that it did not manufacture or distribute the subject surgical instrument, that evidence remains uncontested since plaintiffs never responded to the motion. Indeed, the court never ruled on defendant's motion, dismissing the case instead for a failure to prosecute pursuant to Rule 41. (Docket #25.) As such, there are no grounds to find plaintiffs' counsel's filing of the action in this case wholly frivolous. "[S]anctions should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation." Batarse, 115 F.3d at 649; cf. Fed. R. Civ. P. 11(b)(2). This is not such a rare and exceptional case.

**CONCLUSION**

For the foregoing reasons, defendant's motion for sanctions pursuant to 28 U.S.C. § 1927 and the court's inherent power is DENIED.

IT IS SO ORDERED.

DATED: July 18, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE